USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES, :
:
:
:
-v- : 1:16-cr-656-GHW
:
:
JUNIOR GRIFFIN, : ORDER
:
Defendant. :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On April 12, 2021, the Court docketed a motion filed by Junior Griffin, acting *pro se*. The motion requested that the Court order his compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 879 (the "Motion"). Mr. Griffin's motion asks for the Court to order his compassionate release. The Motion provides three bases for the Court to find extraordinary and compelling reasons for his release. The first is the fact that he suffered a head injury in 2000, which led to brain surgery and resulted in long term consequences, including impaired cognition. Motion at 1. The second reason consists of Mr. Griffin's argument that the Government's decision to prosecute him for a crime that was associated with a mandatory minimum sentence was inequitable. He argues that the Court should take advantage of the compassionate release statute to sentence him substantially below the mandatory minimum 120 month sentence that the Court originally imposed. *Id.* at 2-3. Mr. Griffin also notes that his family would benefit from his return to them. *Id.* at 3.

      Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). As relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons." The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Such circumstances include, but are not limited to, circumstances where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Griffin was convicted after a trial for conspiracy to distribute substantial quantities of cocaine. Sentencing Transcript ("Tr."), Dkt. No. 622, at 14:14. Mr. Griffin was responsible for the sale of large quantities of drugs, which he supplied to other members of the conspiracy. As the Court observed at sentencing: "It is important to emphasize that his supply fueled a broader conspiracy that engaged in conduct that injured not only the users of the narcotics that they sold but the entire community." Tr. 23:22-25. After evaluating all of the relevant statutory factors, the Court ultimately sentenced Mr. Griffin principally to the mandatory minimum sentence associated with his crime—120 months of incarceration.

Mr. Griffin was born in 1975. Tr. at 24:10-11. He is 46 years old today. At the time of

sentencing, the Court noted that Mr. Griffin is "blessed with good physical and mental health." Tr. at 25:16-17.

At the outset, the Court accepts that Mr. Griffin has satisfied the statutory preconditions to his Motion. In the Motion, he writes that "30 days have lapsed" since he made an application to the Bureau of Prisons to bring a motion on his behalf. Motion at 2. The Court accepts his statement regarding exhaustion at face value for purposes of evaluating the Motion.

The Court is not persuaded by the defendant's arguments in support of a finding that "extraordinary and compelling" reasons exist for his release. A number of courts have found "extraordinary and compelling circumstances" for the release of an inmate based on the risk associated with COVID-19 and the incremental additional risk associated with the inmate's underlying health conditions. Here, Mr. Griffin does not point to a pre-existing condition that is associated with an increased risk from COVID-19. He suffered a serious head injury in 2000, which has had lasting consequences, but the application does not provide sufficient information for the Court to conclude that he is at substantially higher risk from COVID-19 than others.

Mr. Griffin's dissatisfaction with the Government's charging decision in this case does not constitute an extraordinary and compelling reason for a change in his sentence. While the Court does have broad discretion to modify a sentence for extraordinary and compelling reasons, Mr. Griffin's desire for a lesser sentence by itself is not such a reason. Nor are his family commitments. The fact that Mr. Griffin has family outside of prison who would prefer for him not to be there so that he can be more engaged in their lives is, sadly, not extraordinary. And, while the Court has broad discretion to consider factors giving rise to extraordinary and compelling circumstances, *United States v. Brooker*, 976 F.3d at 237, the Court does not believe that this provides an additional avenue for an inmate to dispute the propriety of the Court's original sentencing decision.

Moreover, even if Mr. Griffin's health conditions and the incremental risk associated with

the possibility of catching COVID-19 at his facility, or any of his other arguments, were sufficient to give rise to compelling and extraordinary reason for his release, the Court would not grant the requested relief.

In considering all of the § 3553(a) factors, the Court does not believe that a reduction in Mr. Griffin's sentence is warranted. While the factor related to the need for Mr. Griffin to receive medical care arguably weighs somewhat more heavily in favor of a lesser sentence now, the nature of his crimes was very serious: Mr. Griffin was found to have been the supplier of narcotics to a drug trafficking organization. The Court's assessment of all of the other § 3553(a) sentencing factors, all continue to weigh heavily against a modification of his sentence now.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Griffin's sentence is warranted. His motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 879, and to mail a copy of this order to Mr. Griffin by first class mail.

SO ORDERED.

Dated: May 15, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4